UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANK ORTIZ, | ) |
| Plaintiff, | ) 3:07-CV-00001-PMP-RAM |
| v. | ) ORDER |
| GREG COX, et al., | ) |
| Defendants. | ) |

Presently before the Court is Plaintiff's Motion for Investigation of Perjury (Doc. #200) and Plaintiff's Motion for Sanctions (Doc. #201), filed on April 26, 2010. Defendants' filed an Opposition (Doc. #202) on April 30, 2010. Plaintiff filed a Reply (Doc. #206) on May 10, 2010.

Also before the Court is Plaintiff's Motion for Expedited Ruling Re: Plaintiff's Motion for Investigation of Perjury and Plaintiff's Motion for Sanctions (Doc. #214), filed on May 27, 2010.

Also before the Court is Plaintiff's Motion for Sanctions (Doc. #221), filed on June 14, 2010. Defendants filed an Opposition (Doc. #223) on June 17, 2010. Plaintiff filed a Reply (Doc. #227) on June 24, 2010.

The Court previously has set forth the factual predicate for this case in its prior Order (Doc. #238), and the Court will not repeat those facts here except where necessary to resolve the pending motions.

///

**I. MOTION FOR INVESTIGATION OF PERJURY AND SANCTIONS (Doc. #200 & 201)**

Plaintiff Frank Ortiz ("Ortiz") now moves the Court to investigate Defendants' former counsel, Janet Traut ("Traut"), Senior District Attorney General, and the Nevada Board of Parole Commissioners ("Board") for allegedly committing perjury and obstruction of justice. Ortiz contends the Board committed perjury when they stated that they based Ortiz's parole decision solely on the parole progress report. Ortiz contends this statement is false because the Board also considered Ortiz's presentence investigation report which, Ortiz contends, included an erroneous misdemeanor charge that the Board then included on its parole success likelihood factors worksheet. Ortiz contends Traut committed perjury by filing an affidavit stating that neither she nor the Board know from where the information on the misdemeanor charge in the parole success likelihood factors worksheet came. Additionally, Ortiz contends Traut and the Board committed obstruction of justice by withholding Ortiz's presentence investigation report from him. Ortiz also moves for sanctions against Traut and the Board for the alleged perjury and obstruction of justice.

In response, Defendants contend, as an initial matter, that they are not the subject of Ortiz's Motion, as Ortiz is alleging Traut and the Board, not Defendants, committed perjury and obstruction of justice. Nonetheless, Defendants argue that the issues Ortiz raises in his Motion already have been resolved. On December 16, 2009, in response to Ortiz's motion for contempt of court, the Court held a show cause hearing and ordered Traut to file an affidavit stating that neither she nor the Board knew how the information on the misdemeanor charge information came to be included in Ortiz's parole success likelihood factors worksheet. Thereafter, Traut filed an affidavit stating as much. (See Affidavit of Janet Traut (Doc. # 136).) Defendants contend Ortiz has provided no evidence that the Board or Traut committed perjury.

///

1  It is unlawful to knowingly make a false material declaration under oath in a
2  proceeding before any court of the United States.  U.S. v. McKenna, 327 F.3d 830, 838 (9th
3  Cir. 2003) (citing 18 U.S.C. § 1623(a)).  "A statement is material if it has a natural tendency
4  to influence, or was capable of influencing, the decision of the decision-making body to
5  which it was addressed."  Id. at 839 (internal quotation omitted).

6  Ortiz has failed to meet his burden establishing that the Board or Traut
7  committed perjury or obstruction of justice.  The presence of a mistake in the parole success
8  likelihood worksheet without more is not sufficient to establish that Traut or the Board lied
9  about the source of the mistake.  Additionally, in this Court's prior Order it concluded the
10 mistakes in the parole success likelihood worksheet, including the erroneous misdemeanor
11 charge, were immaterial, as the Board's decision to deny Ortiz parole was based on Ortiz's
12 offense of conviction and his disciplinary history.  With respect to Ortiz's claim of
13 obstruction of justice, the Court already has addressed the confidentiality of the presentence
14 investigation report in its prior Order (Doc. #238).  Moreover, Ortiz attached a copy of the
15 presentence investigation report to his Motion.  Thus, Ortiz's contention that he does not
16 have access to it is moot.  The Court will therefore deny Ortiz's Motion for Investigation of
17 Perjury and Motion for Sanctions.

18 **II. MOTION FOR SANCTIONS (Doc. #221)**

19 Ortiz moves for sanctions against Defendants for filing their Motion to Exclude
20 Plaintiff's Opposition Exhibits 7, 8, 9, and 10 because Ortiz argues the Motion contains
21 false statements.  Specifically, Ortiz contends Defendants falsely argue that Ortiz is at fault
22 for not responding to Defendants' interrogatories when in fact, on October 10, 2009, Ortiz
23 represented to the Court that he no longer had the interrogatories and Defendants' counsel
24 agreed to fax them to Ortiz.  Ortiz contends he never received the interrogatories.  In
25 response, Defendants contend it is Ortiz who is misrepresenting the facts.  Defendants argue
26 they served Ortiz with the interrogatories and Ortiz subsequently lost them.

1   "If, after notice and a reasonable opportunity to respond, the court determines
2   that Rule 11(b) has been violated, the court may impose an appropriate sanction on any
3   attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R.
4   Civ. P. 11(c)(1).  The conduct Ortiz alleges Defendants engaged in is not sanctionable.
5   Defendants made permissible arguments in their Motion and Ortiz had an opportunity to
6   respond to those arguments.  The Court therefore will deny Ortiz's Motion for Sanctions.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Investigation of Perjury (Doc. #200) is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Sanctions (Doc. #201) is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Sanctions (Doc. #221) is hereby DENIED.

DATED: July 30, 2010

_____
PHILIP M. PRO
United States District Judge