UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

FRANK ORTIZ,

     Plaintiff,

v.

GREG COX, et al.,

     Defendants.

3:07-CV-00001-PMP-RAM

ORDER

     Presently before the Court is Defendants' Motion for Reconsideration of Order Granting Plaintiff's Motion to Proceed In Forma Pauperis on Appeal (Doc. #252), filed on August 30, 2010. Plaintiff filed an Opposition (Doc. #254) on September 9, 2010. Defendants filed a Reply (Doc. #255) on September 10, 2010.

     Also before the Court is Plaintiff's Emergency Motion for Extraordinary Post-Case Relief (Doc. #254), filed on September 9, 2010. Defendants filed an Opposition (Doc. #257) on September 20, 2010. Plaintiff filed a Reply (Doc. #258) on September 27, 2010. Defendants filed a Supplement (Doc. #260) on September 28, 2010.

     Also before the Court is Defendants' Motion to Have Plaintiff Declared a Vexatious Litigant (Doc. #256), filed on September 10, 2010. Plaintiff filed an Opposition (Doc. #261) on September 29, 2010. Defendants filed a Reply (Doc. #262) on October 6, 2010.

     The parties are familiar with the factual and procedural background in this case. The Court will not repeat the facts here except where necessary.

## I. DEFENDANTS' MOTION FOR RECONSIDERATION (Doc. #252)

The Court granted Plaintiff's motion for leave to proceed in forma pauperis on appeal. (Order (Doc. #250).) Defendants seek reconsideration of that Order, arguing that Ortiz has three strikes against him as a prisoner who has brought three or more civil actions or appeals which were dismissed as frivolous, malicious, or failing to state a claim. Defendants contend that pursuant to 28 U.S.C. § 1915(g), Plaintiff should not be permitted to proceed in forma pauperis on appeal. Plaintiff responds that Defendants have shown only two cases that would subject him to a strike under § 1915(g).

Pursuant to 28 U.S.C. 1915(g)–

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g) is referred to as the "three strikes" provision. Andrews v. King, 398 F.3d 1113, 1116 (9th Cir. 2005). A "strike" is a prior case or appeal, brought while the plaintiff was a prisoner, which the court dismissed as frivolous, malicious, or for failure to state a claim. Id. at 1116 n.1.

However, "[n]ot all unsuccessful cases qualify as a strike under § 1915(g)." Id. at 1121. Rather, the Court carefully must evaluate the order dismissing a previous action or appeal along with any other relevant information, to determine whether the action or appeal was dismissed because it was frivolous, malicious or failed to state a claim. Id. An action or appeal is frivolous "if it is 'of little weight or importance: having no basis in law or fact.'" Id. (quoting Webster's Third New International Dictionary 913 (1993)). An action or appeal is malicious "if it was filed with the 'intention or desire to harm another.'" Id. (quoting Webster's Third New International Dictionary 1367 (1993)). An action fails to state a claim if it is dismissed pursuant to the standard set forth in Federal Rule of Civil

2

1  Procedure 12(b)(6).  Id.

2        The defendant bears the initial burden of establishing the plaintiff has three
3  strikes against him.  Id. at 1120.  If the defendant makes this showing, the burden shifts to
4  the plaintiff to show the prior dismissals do not count as a strike.  Id.

5        **A.  3:03-CV-00087-DWH-RAM**

6        This action is a strike against Plaintiff.  The complaint in this matter was
7  dismissed for failure to state a claim upon which relief can be granted because the
8  complaint alleged "virtually identical" facts to an amended complaint in another case which
9  the Court rejected.  (3:03-CV-00087-DWH-RAM, Doc. #5.)  The Court also found the
10 complaint was intended to harass the defendants by alleging that nearly every employee of
11 the Nevada Department of Corrections was involved in a conspiracy against him.  (Id.)
12 Plaintiff concedes this action is a strike against him.

13       **B.  3:03-CV-00566-HDM-VPC**

14       This action is a strike against Plaintiff.  The complaint in this matter was
15 dismissed as being substantially identical to another case Plaintiff already had filed.  (3:03-
16 CV-00566-HDM-VPC, Doc. #3.)  Plaintiff concedes this action is a strike against him.

17       Defendants assert the appeal of this action is another strike against Plaintiff.  The
18 Court found the appeal was not taken in good faith.  (3:03-CV-00566-HDM-VPC, Doc. #7,
19 #11.)  However, the United States Court of Appeals for the Ninth Circuit concluded that its
20 "review of the record indicates that appellant is entitled to in forma pauperis status for this
21 appeal."  (3:03-CV-00566-HDM-VPC, Doc. #15.)  The appeal was dismissed for lack of
22 jurisdiction because Plaintiff did not file an opening brief on appeal.  (3:03-CV-00566-
23 HDM-VPC, Doc. #16, #18.)  Although the Court will not deem this appeal a strike against
24 Plaintiff, the Court will consider the appeal as a relevant circumstance when evaluating
25 Plaintiff's other actions and appeals.
26 ///

3

**C.  3:01-CV-00018-HDM-RAM/Appeal Nos. 01-16995 & 01-17558**

The district court action is not a strike against Plaintiff.  The record reflects the action was decided on summary judgment, not dismissal for failure to state a claim.  (3:01-CV-00018-HDM-RAM, Doc. #139, #142.)  Although the Court indicated it was assessing a strike against Plaintiff for filing frivolous motions (3:01-CV-00018-HDM-RAM, Doc. #116), § 1915(a) refers to the filing of frivolous actions or appeals, not motions.  See Andrews v. Cervantes, 493 F.3d 1047, 1054 (9th Cir. 2007).

However, Plaintiff filed two appeals of this action.  The first is United States Court of Appeals No. 01-16995.  This Court indicated the appeal of this action was not taken in good faith.  (3:01-CV-00018-HDM-RAM, Doc. #25.)  Plaintiff thereafter filed two more notices of appeal challenging the same district court order.  (3:01-CV-00018-HDM-RAM, Doc. #26, #31.)  This resulted in a second appeal, United States Court of Appeals No. 01-17558.  (3:01-CV-00018-HDM-RAM, Doc. #43.)  The Ninth Circuit dismissed 01-17558 and 01-16995 for failure to perfect the appeals.  (3:01-CV-00018-HDM-RAM, Doc. #41, #48.)

Plaintiff's failure to perfect either appeal, combined with other circumstances, warrants the imposition of at least one strike in relation to these appeals.  The district court determined that the first appeal was not taken in good faith.  Plaintiff then filed two more appeals of the same order.  Plaintiff thereafter failed to perfect any appeal, suggesting they were frivolous.  Plaintiff similarly did not perfect his appeal in 3:03-CV-00566-HDM-VPC, as discussed above.

Additionally, this action resulted in a pre-screening requirement placed on Plaintiff due to his filing of three successive "meritless" motions for a preliminary injunction.  (3:01-CV-00018-HDM-RAM, Doc. #117.)  Plaintiff also wrote a letter to the Court stating, "because of court negligence and N.D.O.C. recklessness, I withdraw my complaint."  (3:01-CV-00018-HDM-RAM, Doc. #130.)  The Magistrate Judge thereafter

1 issued a Report and Recommendation that the action be voluntarily dismissed based on
2 Plaintiff's letter.  (3:01-CV-00018-HDM-RAM, Doc. #131.)  Plaintiff thereafter objected to
3 the Magistrate Judge's Report and Recommendation that the case be deemed voluntarily
4 dismissed based on his letter.  (3:01-CV-00018-HDM-RAM, Doc. #132.)  The Court
5 withdrew the recommendation despite Plaintiff's letter indicating he was withdrawing his
6 complaint.  (3:01-CV-00018-HDM-RAM, Doc. #133.)  The Court also indicated Plaintiff
7 had filed numerous frivolous motions, as mentioned above.  Plaintiff does not attempt to
8 explain why these appeals should not count as a strike, other than to argue they were
9 dismissed for failure to pay the filing fee or failure to follow procedures.

10 Considering all relevant information, the two appeals were frivolous.  Given
11 these circumstances, the Court concludes the appeals in this action count as at least one
12 more strike.  Because this gives Plaintiff three strikes, the Court need not consider the other
13 actions Defendants contend support a strike against Plaintiff.

14 Defendants have met their burden of establishing Plaintiff has three strikes
15 against him.  Plaintiff has failed to meet his burden of persuading the Court these strikes
16 should not apply.  The Court therefore will reconsider its prior Order granting Plaintiff in
17 forma pauperis status on appeal.  Plaintiff's request to proceed in forma pauperis on appeal
18 will be denied.

**II. DEFENDANTS' MOTION TO HAVE PLAINTIFF DECLARED A VEXATIOUS LITIGANT (Doc. #256)**

21 Defendants move to have Plaintiff declared a vexatious litigant.  Plaintiff
22 responds that Defendants lack standing to pursue this motion because this case is closed.
23 Plaintiff also disputes he has three strikes against him, and thus should not be considered a
24 vexatious litigant.

25 The Court has the "inherent power to enter pre-filing orders against vexatious
26 litigants."  Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) citing

5

1  28 U.S.C. § 1651(a)).  However, because a pre-filing order implicates a litigant's right of
2  access to the courts, the Court should enter such an extreme remedy "only after a cautious
3  review of the pertinent circumstances."  Id.  Prior to entering a pre-filing order, the Court
4  must give the litigant notice and an opportunity to be heard.  Id.  The Court must set forth
5  an adequate record for review and make "substantive findings about the frivolous or
6  harassing nature of the plaintiff's litigation."  Id.  "An adequate record for review should
7  include a listing of all the cases and motions that led the district court to conclude that a
8  vexatious litigant order was needed."  Id. at 1059.  In determining whether the litigant's
9  conduct is frivolous or harassing, the Court evaluates "both the number and content of the
10 filings as indicia of the frivolousness of the litigant's claims."  Id.

11         Finally, a pre-filing order "must be narrowly tailored to closely fit the specific
12 vice encountered."  Id. (quotation omitted).  A pre-filing order likely is overbroad if it
13 prevents the litigant from filing any suit in the Court, or applies to a suit against anyone
14 when the record showed the plaintiff was litigious with respect to only one group of
15 defendants.  Id. at 1061.  Whether to enter a pre-filing order against a vexatious litigant lies
16 within the Court's discretion.  Id. at 1056.

17         **A. Standing**

18         To the extent Plaintiff is arguing Defendants lack constitutional standing,
19 Defendants have identified a threatened distinct and palpable injury to themselves, as
20 Plaintiff has filed numerous lawsuits against NDOC employees, and there exists a
21 continuing threat that Plaintiff will do so in the future.  Defendants' injury is fairly traceable
22 to Plaintiff's conduct in filing civil actions against Defendants in this Court.  There exists a
23 substantial likelihood that an order declaring Plaintiff a vexatious litigant will redress or
24 prevent the injury.  Defendants therefore have standing to request the order.  Fleck &
25 Assocs., Inc. v. Phoenix, City of, an Ariz. Mun. Corp., 471 F.3d 1100, 1104 (9th Cir. 2006).
26 To the extent Plaintiff is contending the Court lacks subject matter jurisdiction, the Court

retains the power to impose sanctions even where it lacks subject matter jurisdiction. Westlake N. Property Owners Ass'n v. City of Thousand Oaks, 915 F.2d 1301, 1303 (9th Cir. 1990).

### B. Notice and Opportunity to Be Heard

Plaintiff has received notice by virtue of Defendants' motion to declare Plaintiff a vexatious litigant. Plaintiff has received an opportunity to be heard, as Plaintiff filed an opposition to Defendants' motion.

### C. Adequate Record

Defendants in this action are employees of NDOC. Since 2001, Plaintiff has filed at least seven actions against NDOC and its employees in this Court. Most have been dismissed, and none have proceeded past summary judgment. Plaintiff has been admonished in several of these cases for his frivolous and harassing behavior.

1. 3:01-CV-00018-HDM-RAM: This was a civil rights action brought against 62 NDOC employees, including two Defendants in the present action. The Court granted summary judgment in favor of the defendants because Plaintiff failed to present evidence raising a genuine issue of material fact as to any claim. (3:01-CV-00018-HDM-RAM, Doc. #139, #142.)

During the course of these proceedings, Plaintiff filed two appeals of the same order, neither of which Plaintiff perfected. (3:01-CV-00018-HDM-RAM, Doc. #20, #26, #41, #48.) The Court found the appeals were not taken in good faith. (3:01-CV-00018-HDM-RAM, Doc. #25.) The Court also found that Plaintiff's attempt to amend his complaint to assert claims against 116 proposed defendants, all employees of NDOC or the State of Nevada Attorney General's Office, was "in bad faith" and sought to "manipulate the opportunity to amend which the Court has granted him." (3:01-CV-00018-HDM-RAM, Doc. #91 at 3.) The Court also found Plaintiff had filed numerous frivolous motions. (3:01-CV-00018-HDM-RAM, Doc. #109, #116, #117.)

1             2. <u>3:03-CV-00087-DWH-RAM</u>: This was a civil right action brought
2  against NDOC and over 90 individual NDOC and Attorney General employees.  The Court
3  dismissed this action as duplicative of an attempted amended complaint Plaintiff filed in
4  3:01-CV-00018-HDM-RAM.  (3:03-CV-00087-DWH-RAM, Doc. #5.)  The Court found
5  Plaintiff was "simply attempting to harass defendants, and to engage in bad faith litigation.
6  This fact is abundantly clear from the plaintiff's repeated use of a complaint which the
7  Court has already determined does not pass muster . . . ."  (<u>Id.</u>)
8             3. <u>3:03-CV-00566-HDM-VPC</u>: This was a civil rights action brought
9  against five NDOC employees, including two Defendants in the present action, and was
10 dismissed as duplicative of allegations already being litigated in another case pending
11 before the Court.  (Doc. #3.)  Plaintiff appealed this order.  The Court concluded this appeal
12 was not taken in good faith.  (Doc. #7.)  The appeal was dismissed for failure to file an
13 opening brief.  (Doc. #18.)
14            4. <u>3:04-CV-00181-ECR-RAM</u>: This was a civil rights action brought
15 against the State of Nevada and five individual NDOC employees, including one Defendant
16 in the present action.  The Court dismissed the federal claim for failure to state a claim upon
17 which relief could be granted, and remanded the state law claims to state court.  (3:04-CV-
18 00181-ECR-RAM, Doc. #35.)
19            5. <u>3:05-CV-00113-LRH-VPC</u>: This was a civil rights action brought
20 against the State of Nevada and thirty individual NDOC employees, including three
21 Defendants in the present action.  Plaintiff refused to sign the proposed pre-trial order and
22 refused to leave his cell to attend a telephonic conference with defense counsel to discuss
23 his refusal to sign.  (3:05-CV-00113-LRH-VPC, Doc. #156.)  Plaintiff later disconnected
24 from a motion hearing before the Court and refused to participate further in that hearing.
25 (3:05-CV-00113-LRH-VPC, Doc. #233.)  The Court granted defendants summary judgment
26 based on issue preclusion, claim preclusion, and a failure to present evidence raising a

genuine issue of material fact.  (3:05-CV-00113-LRH-VPC, Doc. #95, #106, #268.)

   The Court notes that Plaintiff's allegations in this case sought relief against the defendants for Plaintiff's own misconduct.  For example, Plaintiff complained that he was "passed food through a food slot contaminated with other inmates' feces," but Plaintiff "admitted in his deposition that he repeatedly poured a mixture of feces and urine into the food box, where it would also run onto the anteroom floor."  (3:05-CV-00113-LRH-VPC, Doc. #268 at 16.)  Plaintiff also complained that the defendants confiscated everything from his cell, but the items were taken because Plaintiff was using them to stop up the toilet and flood his cell.  (Id. at 16-17.)  Plaintiff complained that the defendants put him in four point restraints, but his own deposition testimony indicated the defendants did so because Plaintiff was "kicking his cell door, jumping up and down on his bed, and beating on the walls."  (Id. at 18.)

   6.  <u>3:07-CV-00001-PMP-RAM</u>: This is the present civil rights action against NDOC, the Nevada Department of Public Safety, and twenty individual NDOC employees.  The Court struck one of Plaintiff's filings and admonished Plaintiff regarding making derogatory comments.  (Doc. #92, #101.)  Just prior to a hearing scheduled for January 8, 2009, Plaintiff refused to come to the phone at the prison to participate in a telephone conference with the Court.  (Doc. #100.)  Plaintiff continuously made unsupported allegations of judicial bias and accused defense counsel of "sleep[ing] with the court."  (Doc. #104, #118, #162, #175, #199, #244.)  The action terminated when the Court granted Defendants' motion for summary judgment because Plaintiff failed to provide record citations in support of his motion or opposition and failed to present evidence raising an issue of fact as to any claim.  (Doc. #238.)  The matter presently is pending on appeal before the Ninth Circuit.

   7.  <u>3:10-CV-00290-HDM-RAM</u>: This was a civil rights action against NDOC and six NDOC employees, including one Defendant in the present action.  The

9

1  Court dismissed the action when Plaintiff failed to file an amended complaint to correct the
2  failure to allege any facts supporting his claims in his original complaint.  (3:10-CV-00290-
3  HDM-RAM, Doc. #10, 18.)

### D.  Findings of Frivolity and/or Harassment

As set forth above, this Court previously has made findings that Plaintiff has filed frivolous motions and has engaged in bad faith litigation conduct aimed at harassing Defendants.  Plaintiff has filed numerous actions and appeals against Defendants which have no merit and/or are frivolous, has filed frivolous motions within those actions, and has filed frivolous appeals which he does not bother to perfect.  Plaintiff also repeatedly attempts to blame Defendants for his own misconduct, and this pattern of behavior continues even after judgment in this case, as discussed below with respect to Plaintiff's Emergency Motion for Extraordinary Post-Case Relief.  Plaintiff's conduct is frivolous and aimed at harassing NDOC and its employees.

### E.  Narrowly Tailored Relief

The Court therefore concludes that a pre-filing order is warranted in this case, particularly because Plaintiff also has three strikes against him under 28 U.S.C. § 1915(g), as discussed above.  Plaintiff has proven himself to be a vexatious litigant with respect to NDOC and its employees.  The Court therefore will tailor the requested relief to enjoin Plaintiff from filing any new cases in forma pauperis against NDOC or its employees in this Court, unless he submits the case for pre-filing screening.

To file any papers, Plaintiff must make application for leave and the proposed suit shall bear the caption "Application Seeking Leave to File."  Plaintiff shall mail a copy of the proposed suit to: Clerk's Office, United States District Court, District of Nevada, 400 South Virginia Street, Reno, Nevada 89501.  The Application shall be supported by a declaration under oath by Plaintiff stating: (1) that the matters asserted in the new complaint or papers have never been raised and disposed of on the merits by any court; (2) that the

1  claim or claims are not frivolous or made in bad faith; and (3) that he has conducted a
2  reasonable investigation of the facts and his investigation supports his claim or claims.
3  Plaintiff also must satisfy 28 U.S.C. § 1915(g) by stating under oath that he is in imminent
4  danger of serious physical injury.  A copy of this Order shall be attached to any application.
5         Failure to fully comply with this Order will be sufficient grounds for denial of the
6  application.  In such circumstances, Plaintiff will not be allowed to proceed in forma
7  pauperis and his proposed filing shall be returned to him.  He then must pay the entire filing
8  fee or he will not be allowed to proceed in the new lawsuit.  If Plaintiff makes the required
9  showing, the Court will enter the appropriate order and will allow Plaintiff to proceed in
10 forma pauperis.

**III.  PLAINTIFF'S EMERGENCY MOTION FOR EXTRAORDINARY POST-CASE RELIEF (Doc. #254)**

13        Plaintiff moves the Court either to order Defendants to return his property to him,
14 or to provide Plaintiff with a copy of all documents on file in this case.  Defendants respond
15 that Plaintiff's property was confiscated due to Plaintiff's violent behavior, and it has not
16 been returned to him because Plaintiff refuses to sign for his property.  Defendants state that
17 if Plaintiff wants his property back, he must sign for it as required by the applicable
18 regulations.  Plaintiff replies that he refused to sign because Defendants did not re-
19 inventory his property in his presence as required by the applicable regulations.
20        Defendants have certified under oath that Plaintiff will receive his property back
21 if he signs for it as required.  (Supplement (Doc. #260).)  Plaintiff has presented no
22 evidence, such as a sworn declaration, that Defendants refused to perform an inventory of
23 his property in his presence.  Further, Plaintiff has not presented any evidence that he
24 utilized internal procedures to attempt to retrieve his property prior to seeking this Court's
25 assistance post-judgment.  This is not the first time Plaintiff has contended NDOC
26 employees have refused to return his property when, in fact, Plaintiff simply refuses to sign

11

for it.  (See 3:01-CV-00018-HDM-RAM, Doc. #39 at 5.)  The Court will not order Defendants to return Plaintiff's property to him without requiring Plaintiff to sign for it, as required under the applicable prison regulations.

**IV. CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion for Reconsideration of Order Granting Plaintiff's Motion to Proceed In Forma Pauperis on Appeal (Doc. #252) is hereby GRANTED.  The Court's prior Order (Doc. #250) granting Plaintiff leave to proceed in forma pauperis on appeal is hereby vacated.

IT IS FURTHER ORDERED that Defendants' Motion to Have Plaintiff Declared a Vexatious Litigant (Doc. #256) is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiff Frank Ortiz is hereby ENJOINED from filing any new cases in forma pauperis against the Nevada Department of Corrections or its employees in this Court, unless he submits the case for pre-filing screening.

To file any papers, Plaintiff must make application for leave and the proposed suit shall bear the caption "Application Seeking Leave to File."  Plaintiff shall mail a copy of the proposed suit to: Clerk's Office, United States District Court, District of Nevada, 400 South Virginia Street, Reno, Nevada 89501.  The Application shall be supported by a declaration under oath by Plaintiff stating: (1) that the matters asserted in the new complaint or papers have never been raised and disposed of on the merits by any court; (2) that the claim or claims are not frivolous or made in bad faith; and (3) that he has conducted a reasonable investigation of the facts and his investigation supports his claim or claims.  Plaintiff also must satisfy 28 U.S.C. § 1915(g) by stating under oath that he is in imminent danger of serious physical injury.  A copy of this Order shall be attached to any application.

Failure to fully comply with this Order will be sufficient grounds for denial of the application. In such circumstances, Plaintiff will not be allowed to proceed in forma pauperis and his proposed filing shall be returned to him.  He then must pay the entire filing

fee or he will not be allowed to proceed in the new lawsuit.  If Plaintiff makes the required showing, the Court will enter the appropriate order and will allow Plaintiff to proceed in forma pauperis.

      IT IS FURTHER ORDERED that Plaintiff's Emergency Motion for Extraordinary Post-Case Relief (Doc. #254) is hereby DENIED.

DATED:  January 5, 2011

                                        _____
                                        PHILIP M. PRO
                                        United States District Judge